## CHILDRESS *v.* FRATERNAL UNION OF AMERICA.

### (*Jackson.* April Term, 1904.)

1. **INSURANCE.** Clause in contract of against suicide is valid.

   A clause in an insurance contract providing that only a proportionate part of the insurance shall be paid in case of the suicide of the insured is valid and binding upon the beneficiary.

   Cases cited and approved: Supreme Lodge v. La Malta, 85 Tenn., 157; Clement, Ex'r, v. Knights of Pythias, 113 Tenn., 40; Bigelow v. Ins. Co., 93 U. S., 284.

2. **SAME.** Construction of policy containing independent "suicide" and "incontestable" clauses.

   The insurance policy sued on contained a clause making the same incontestable after the expiration of two years, except as to agreements, representations and warranties in relation to age, occupation and use of alcohol; and also a clause reducing the indemnity in case of suicide to one-third of the amount otherwise due. Suit was instituted upon the policy by the widow of the insured as the beneficiary named in the policy. The proof showed that the insured committed suicide more than two years after the policy was issued. It was contended by the beneficiary that the "incontestable" clause annulled the suicide clause after the expiration of two years.

   *Held*: (1) The clauses mentioned are separate and independent, and in no wise affect each other.

   (2) The beneficiary can not recover more than one-third the policy in case of suicide, although death occurred after the expiration of two years and the policy had become incontestable.

---

FROM GIBSON.

---

Appeal from the Circuit Court of Gibson County.— JOHN R. BOND, Judge.

Childress v. Fraternal Union of America.

ED. SMITH, for Mrs. Linnie R. Childress.

H. M. CLARK, J. T. RHODES, BRYAN & ALEXANDER, for Fraternal Union of America.

MR. JUSTICE WILKES delivered the opinion of the Court.

This is an action upon a certificate of insurance in the Fraternal Union of America, a beneficial order.

It was tried in the court below before a jury, where there was a verdict and judgment for $679.58, and the plaintiff, widow of insured and beneficiary in the policy, has appealed, and assigned a number of errors.

The only real contest in the case is over the proper construction and effect of what are called the suicide and incontestable clauses in the policy.

It is conceded that, but for the suicide clause, the amount due to the beneficiary would be $2,038.75; but it is insisted that because of this clause the amount should be reduced to one-third of that sum, or $679.58, as found by the jury and adjudged by the court.

The suicide clause, as contained in the constitution and by-laws of the union at the time the contract was entered into, is in the following words and figures, so far as need to be stated:

"If any member holding a benefit certificate issued by this order and while in good standing shall die by his own hands, that is, commit suicide, whether sane or insane, the indemnity to be paid to the beneficiary shall

be one-third of the amount otherwise due under such
member's certificate had death resulted from natural
cause," etc.

The incontestable clause relied on to obviate this is
as follows:

"Sec. 97.   All certificates issued by the supreme lodge
shall be incontestable after two years from their respec-
tive dates except as to agreements, representations and
warranties on the part of the *frater* in relation to age,
occupation and use of alcoholic stimulants: provided
that the *frater* shall have complied with the require-
ments of this constitution and by-laws."

There is no question, under the proof and findings of
the jury, but that the insured committed suicide by cut-
ting his throat with his own razor.   So that the only
question left us to consider is whether suicide is em-
braced within the terms of the exceptions contained in
the incontestable clause, which are, in substance, such
agreements, representations, and warranties as are made
on the part of the *frater* in relation to age, occupation,
and use of alcoholic stimulants at the time he makes his
application.

These agreements, representations, and warranties
are contained in the application.   In that application
the candidate for insurance and membership is asked as
to his age, occupation, and use of alcholic stimulants,
and his answers to these interrogatories are made the
basis of his insurance; and the candidate, in his written
application, stipulates that false answers to these ques-

tions shall vitiate and render null and void the insurance certificate and contract.

We are unable to see how death by suicide comes within the exceptions named in the policy which render it contestable.

The questions and answers relate to the date when the application is made, and are separate and distinct from the condition indorsed on the policy which makes it uncollectible if the member, after taking out the policy, becomes intemperate.

The contention made that the incontestable clause abrogates and renders null the suicide clause after the expiration of two years cannot be sustained, under the language and terms of the constitution and by-laws.

The incontestable clause in the policy is, in substance, that the validity of the policy will not be questioned after the expiration of two years, except upon the ground of false answers made in the application as to age, occupation, and the use of alcoholic stimulants. Upon these grounds it may be questioned at any time.

But the suicide clause is not one which enters into the original validity of the contract, but one which defeats the right of recovery after the full existence of the contract is established.

The incontestable clause has no reference to the suicide clause, and the latter is in no wise affected by the former.

If the insured commit suicide after the expiration of

two years from the date of the policy, the effect is the same as if it occur within two years.

That such a clause is legal and binding, if made the basis of contract, has been held in a number of cases. Elliott on Insurance, section 368; 1 May on Insurance, sections 322, 323; 4 Joyce on Insurance, section 3625; 19 Am. & Eng. Ency. Law (2d Ed.), 76; *Bigelow* v. *Insurance Co.,* 93 U. S., 284, 23 L. Ed., 918; *Sup. Lodge* v. *La Malta,* 95 Tenn., 157, 31 S. W., 493, 30 L. R. A., 838; *Clement, Ex'r,* v. *Knights,* 113 Tenn., 40, 81 S. W., 1249.

While there are several assignments of error, we think we have commented and passed upon the only one that presents any real controversy.

We are of opinion that, while the policy in this case becomes incontestable after two years, except upon the grouds stated, still it was in force according to its terms, and these terms are plain and explicit, that the beneficiary, in case of suicide of the assured, shall be entitled to recover only one-third of the amount to which she would have been entitled if the insured had died a natural death; and it is shown that this amount is $679.58, the amount for which judgment was rendered in the court below, and which was tendered into court.

It is therefore ordered that the judgment of the court below be affirmed, with costs, and without paying interest, and the cause is remanded to the court below to pay out the fund after costs are satisfied.