## MACK v. CONNECTICUT GENERAL LIFE INS. CO. OF HARTFORD.

(Circuit Court of Appeals, Eighth Circuit. March 30, 1926.)

No. 7034.

**1. Insurance** ⟳445(3)—**Provision of life policy, excluding risk of suicide within two years, is not invalidated by clause making policy incontestable after two years.**

A provision of a life policy that it shall be incontestable after two years, except for nonpayment of premiums, etc., is entirely consistent with a further clause that suicide by insured within two years is not a risk assumed; the former being a contractual statute of limitation in favor of insured, and the latter a limitation of the risk.

**2. Insurance** ⟳445(3)—**Illinois statute held not to invalidate provision of life policy excluding suicide risk (Hurd's Rev. St. Ill. 1917, c. 73, § 208u, subd. 3).**

Hurd's Rev. St. Ill. 1917, c. 73, § 208u subd. 3, providing that the application and policy shall constitute the entire contract of life insurance and shall be incontestable after two years, except for nonpayment of premiums, etc., does not invalidate a provision of the contract that suicide of insured is not a risk assumed, and does not preclude the defense of suicide after the two years as a risk not within the contract.

**3. Insurance ⬤⟳665(7)—Release executed by beneficiary of life policy held valid on evidence.**

A release executed by the beneficiary of a life policy on a settlement *held*, in the evidence not procured by fraud and valid.

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Davis, Judge.

Cross-bill by Bessie M. Mack against the Connecticut General Life Insurance Company of Hartford. Decree for defendant, and complainant appeals. Affirmed.

Certiorari denied 46 S. Ct. 638, 70 L. Ed. ——.

James J. O'Donohoe, of St. Louis, Mo. (John B. Dempsey, of St. Louis, Mo., and Howe, Fordham & Kreamer, of Chicago, Ill., on the brief), for appellant.

Frank H. Sullivan, of St. Louis, Mo. (James C. Jones, Lon O. Hocker, Eugene H. Angert, and James C. Jones, Jr., all of St. Louis, Mo., on the brief), for appellee.

Before KENYON, Circuit Judge, and YOUMANS and FARIS, District Judges.

YOUMANS, District Judge. On the 18th of February, 1919, at Chicago, Andrew C. Mack made application to appellee for a policy of life insurance, and on the 3d of March, 1919, appellee at Chicago issued to him the policy involved in this case, by which the appellee agreed, in consideration of the payment of the premiums therein stipulated, to pay his wife, the appellant, $7,500 at his death. A rider was attached to the policy by which appellee promised to pay $15,000 in the event of the accidental death of the insured. The policy contained the following stipulation:

"This policy shall be incontestable after two years from its date of issue, except for nonpayment of premiums or violation of the conditions of the policy relating to military or naval service in time of war. If the age of the insured be misstated, the liability of the company shall be the amount of insurance which the premium would have purchased at the correct age."

The policy also contained the following provision:

"Suicide, sane or insane, within two years from the date of issue of this policy is not a risk assumed by the company."

The provision in the policy for double indemnity reads as follows:

"On receipt of due proofs that the death of the insured occurred during the continuance of the policy under its original condi-

12 F.(2d)—27

tions, and before attaining the age of seventy years, as the result of bodily injuries, effected directly and independently of all other causes through external, violent, and accidental means, of which, except in case of drowning or of internal injuries revealed by an autopsy, there is a visible contusion or wound on the exterior of the body, and that such death occurred within ninety days from the date of the accident, the company will pay, instead of the face amount of this policy, double that amount, to wit, fifteen thousand dollars, less any indebtedness thereon to the company and any unpaid premium or portion of the premiums for the current policy year. Provided: That death, resulting from suicide (sane or insane) shall not be covered under the terms of this rider."

The insured died on October 6, 1920. Appellant made and sent to appellee proof of his death. Under date of December 27, 1920, appellee by its manager sent to appellant a letter containing the following statement:

"In regard to your claim, we are sorry to find that the circumstances of the death of Mr. Mack indicate that there is no liability against this company under the policy No. 135,291."

Appellant brought suit on the policy for $15,000 in the circuit court of Cook county, Ill., on August 20, 1921. On the 20th of September, 1921, appellee filed a plea of general issue to the declaration. On February 8, 1922, appellee filed a special plea alleging the suicide of the insured, and set out the provisions of the policy relating thereto.

On the 22d of January, 1923, appellant, in consideration of the sum of $4,000 paid her by appellee, signed and delivered to its attorneys a release of appellee from any liability on account of the policy. The suit in the Cook county circuit court was dismissed by appellant. Afterwards appellant sued appellee on the same policy in the circuit court of the city of St. Louis, Mo. This suit was for $11,000. The case was removed on motion of appellee to the United States District Court for the Eastern District of Missouri on the ground of diversity of citizenship. After the removal of the case, appellant filed an amended petition. The answer alleged the suicide of the insured, and pleaded the suicide clause of the policy and also the compromise and release.

Appellant filed a replication admitting the release, but denying the fact of suicide, and setting up the incontestable provision of the policy by which it was alleged the defense of suicide was not available to appellee.

By way of cross-bill, appellant alleged

that the release was procured by fraud; that it was of no legal effect, and prayed its cancellation.

The case was transferred to equity. The court held that the release was not fraudulently obtained, and that it was a complete bar to appellee's action.

[1, 2] Counsel for appellant contend that the policy is an Illinois contract, and that the Illinois statute and the decisions of its highest court are parts of that contract. This may be conceded. They contend further that the suicide clause is repugnant to the statute and is therefore void, and also that the incontestable clause and suicide clause are contradictory, and that the former controls.

The statute referred to (subsection 3 of section 208u, c. 73, Revised Statutes of Illinois 1917 [Hurd], p. 1736), reads as follows:

"That the policy, together with the application therefor, a copy of which application shall be indorsed upon or attached to the policy and made a part thereof, shall constitute the entire contract between the parties and shall be incontestable after two years from its date, except for nonpayment of premiums and except for violations of the conditions of the policy relating to the naval or military service in time of war: Provided, that the application therefor need not be attached to any policy containing a clause making the policy incontestable from date of issue."

The decision referred to is Monahan v. Metropolitan Life Insurance Co., 119 N. E. 68, 283 Ill. 136, L. R. A. 1918D, 1196.

The statute provides that the application and policy "shall constitute the entire contract between the parties." To give to the remainder of the section the effect contended for by counsel for appellant would be to say that the application and policy shall not constitute the entire contract between the parties, but, regardless of what such application and policy may contain, the contract shall be something other than set out therein. The statute does not undertake to limit the right of parties to a life insurance contract to except or exclude therefrom certain risks. It does not say that any such exception or classification shall be void. In the case of Hawkeye Commercial Men's Association v. Christy (C. C. A.) 294 F. 208, 213 (40 A. L. R. 46), this court said:

"The parties to insurance contracts have the right and power to contract for what accidents and risks the company shall and for what accidents and risks they shall not be liable, and the courts may not make new or different contracts for them. The function

and duty of the courts consists simply in enforcing and carrying out the contract actually made by the parties."

This statement was quoted and approved in the case of Speelman v. Iowa State Traveling Men's Association (C. C. A.) 4 F. (2d) 501, 504.

The case of Monahan v. Metropolitan Life Insurance Co., supra, does not sustain the contention of counsel for appellant. In that case the Supreme Court of Illinois said:

"In passing upon the validity of incontestable clauses in policies of insurance, the courts have defined their purpose, and, when this purpose as so judicially determined is considered, it aids in the construction of the language used in an incontestable clause. Incontestable provisions in insurance policies have been held valid as creating a short statute of limitations in favor of the insured; the purpose of such provisions being to fix a limited time within which the insurer must ascertain the truth of the representations made."

The contract provision expressly excluding the assumption of the risk of suicide for two years is entirely distinct from the incontestable clause, is consistent with it, and the one in no way contradicts the other. There is a distinction between facts which would warrant a rescission of the contract and a risk not covered by the contract. The incontestable clause relates to the former. The suicide clause relates to the latter. Hearin v. Standard Life Insurance Co. (D. C.) 8 F.(2d) 202.

A contest made within two years is not to be confused with a defense of death by suicide committed within two years. In the incontestable clause the two-year period is a period of limitation. The contest by suit or answer must be instituted within two years from the issuance of the policy. Missouri State Life Insurance Co. v. Cranford, 257 S. W. 66, 161 Ark. 602, 31 A. L. R. 93. But in the suicide clause the two-year period is a period of exclusion of risk on account of suicide. That clause does not undertake to limit the time within which the defense of suicide may be made, nor does the statute of Illinois, above quoted, undertake to do so.

[3] The death of the insured occurred within two years from the date of issue of the policy. His body was found in Lake Michigan early in the morning. The insurance company caused an investigation to be made. It denied liability under the policy on the ground that such investigation indicated suicide. Appellant made the settlement in the absence of her lawyers, but it appears from the testimony that she acted upon the advice of

friends. No misrepresentation of the contract of insurance, nor of its legal effect was made to her by the attorneys for the appellee, to whom she delivered the release. The court, after hearing the evidence, found that it did not sustain the allegations of fraud in procuring the release. After reading the record, we are convinced that such finding is correct.

The decree is therefore affirmed.