## WRIGHT v. PHILADELPHIA LIFE INS. CO. OF PHILADELPHIA, PA.

District Court, E. D. South Carolina. Nov. 17, 1927.

**Insurance ⬚⇒445(3)—Incontestable clause in life policy held inapplicable as to defense under suicide clause.**

Clause of life policy that it should be incontestable, except for nonpayment of premiums, after two years from its date, *held* inapplicable to defense under express provision, excluding assumption of risk of suicide for two years from date of policy.

At Law. Action by Jack J. Wright, as administrator of the estate of Richard F. Wright, deceased, against the Philadelphia Life Insurance Company of Philadelphia, Pa. On defendant's motion for directed verdict. Motion sustained.

Lee & Moise and Harmon D. Moise, all of Sumter, S. C., for plaintiff.

Thomas & Lumpkin, of Columbia, S. C., and Edward J. Boughton, of Philadelphia, Pa., for defendant.

ERNEST F. COCHRAN, District Judge. This is an action at law upon a life insurance policy, and the defense is suicide. The defendant now moves for a directed verdict in its favor, on the ground that the suicide occurred within two years from the date of the policy and is a risk which by the terms of the policy was not assumed. The plaintiff contends that the policy provides that it shall be incontestable after two years from its date, and that, inasmuch as defendant did not institute any contest within the two-year period, the defense of suicide is no longer available.

These provisions of the policy are contained in this paragraph:

*"This policy shall be incontestable, except for nonpayment of premiums, after two*

*years from its date.* From date of issue this policy shall be without any restrictions as to travel, residence or occupation. If the age of the insured has been misstated, the amount payable hereunder shall be such a sum as the premium actually paid would have purchased at the correct age. *Self-destruction while sane or insane, within two years of the date hereof, is a risk not assumed by the Company under this policy.* All statements made by the insured shall in the absence of fraud be deemed representations and not warranties."

The policy was issued on July 1, 1924 (No. 80923), and the insured came to his death on May 30, 1926. No contest was instituted prior to July 1, 1926. This action on the policy was instituted by the plaintiff on December 4, 1926. The evidence shows that the insured came to his death by his own hand and there is no issue of fact for the jury. The plaintiff contends that this court is committed by its previous decision (Philadelphia Life Ins. Co. v. Burgess, 18 F.[2d] 599, 601) to the view that the incontestable clause in this case applies. In that case, however, the question was not squarely raised by either side. It was merely suggested, and as I recall it suggested by the court rather than counsel. No authorities were cited, and neither counsel argued the question, and the impression made upon my mind, as I said to counsel at the time, in perhaps rather homely language, was that each side looked upon the point as a red hot poker; for, if they made the point in the one case, it was going to hurt them in the other. A ruling on that point was not necessary to the decision in that case, for the court merely retained the case as to the defendant Sallie W. Burgess individually, and she had answered, set up a counterclaim, and there had been a reply thereto, and she thereby waived any question of there being a want of equity in the bill. In addition to that (although it does not appear in the case as reported in 18 F.[2d] 599), the fact is that counsel for Mrs. Burgess, in their oral argument, stated that they did not ask a dismissal of the cause of action based on policy No. 80922, but desired it to proceed to hearing on the merits. The ruling of the court, therefore, in that case, to the effect that the incontestable clause applied, was not necessary to the decision of the case, and is a dictum; and inasmuch as this court now, after full argument and upon a review of the authorities, has come to a contrary conclusion, it will not hereafter be followed in this district on that point.

The contract provision, expressly excluding the assumption of risk of suicide for two years, is entirely distinct from the incontestable clause, is consistent with it, and the one in no way contradicts the other. The insurance company in this case is not denying in any way the validity of the contract, and therefore is not contesting the policy. Indeed, it stands upon the contract, affirms its validity, and says that, by the terms of the contract itself, the risk was not assumed. Inasmuch as the risk is a risk not assumed by the contract in any event, the incontestable clause has no application, and the defense that the suicide occurred within two years from the date of the policy could be interposed at any time to an action brought thereon.

The language used in the earlier cases, construing the incontestable clause where the defense was based on fraud, would indicate that the same result would follow where the defense was based on a clause excluding suicide as a risk. But the later cases draw the proper distinction between the two clauses, and all hold that the incontestable clause has no application when the defense is based on a clause which in express terms excludes the risk. See Mack v. Connecticut Gen. Life Ins. Co. (C. C. A. 8th) 12 F.(2d) 416, 418; Hearin v. Standard Life Ins. Co. (D. C. Ark.) 8 F.(2d) 202; Scarborough v. Am. Nat. Ins. Co., 171 N. C. 353, 88 S. E. 482, L. R. A. 1918A, 896, Ann. Cas. 1917D, 1181; Childress v. Fraternal Union, 113 Tenn. 252, 82 S. W. 832, 3 Ann. Cas. 236; Howard v. Mo. State Life Ins. Co. (Tex. Civ. App.) 289 S. W. 114; Scales v. Jefferson Standard Life Ins. Co. (Tenn.) 295 S. W. 58; Myers v. Liberty Life Ins. Co., 124 Kan. 191, 257 P. 933; Woodbery v. N. Y. Life Ins. Co., 129 Misc. Rep. 365, 221 N. Y. S. 357.

It may be noted that nearly all of these cases were decided after the decision of this court in Philadelphia Life Ins. Co. v. Burgess, supra. The motion of the defendant, therefore, for a directed verdict, must be sustained.

Mr. Foreman and gentlemen of the jury, there being no issue of fact for you to pass upon in this case, you will write a verdict for the defendant.