**HOWARD et al. v. MISSOURI STATE LIFE INS. CO.   (No. 7642.) \***

(Court of Civil Appeals of Texas. San Antonio. Dec. 4, 1926.  Rehearing Denied Jan. 5, 1927.)

**1. Insurance ⟨key⟩146(1)—Effect must be given to all provisions of insurance contract where possible.**

Insurance contract must be construed, like other contracts, in accordance with its plain terms, and effect must be given to all provisions, where that may be done without doing violence to ordinary rules of law or construction.

**2. Insurance ⟨key⟩515—Suicide within year held to preclude recovery on insurance contract, having incontestable clause and providing that company should not be liable, where suicide occurred within one year.**

Under life insurance policy providing that, in case of death by self-destruction within one year, liability of company should be limited to amount of premiums paid and that it was incontestable after one year, suicide of insured within in one year precluded recovery on policy.

**3. Insurance ⟨key⟩515—Provision restricting liability in case of suicide held not repugnant to promise to pay policy in event of death.**

Restrictive provision in insurance policy, restricting liability of insurer in case of suicide within one year, held not repugnant to prior unconditional promise to pay face amount of policy, in event of death of insurer, since second clause was in nature of exception to or modification of first.

**4. Insurance ⟨key⟩515—Restrictive clause held effective, though printed in smaller type than clause promising to pay face of policy.**

Clause restricting liability of insurer, in case of suicide within one year, printed in smaller type than that promising to pay face of policy on previous page, had to be given effect according to its plain terms, in absence of contention of fraud of insurer, mutual mistake, accident, or lack of knowledge of insured.

**5. Insurance ⟨key⟩515—Provision restricting liability, in case of suicide within one year, held valid, under statute (Rev. St. 1911, art. 4742).**

Restrictive clause in life insurance policy, providing that, in case of death by self-destruction, sane or insane, within one year from date of issue, liability of company would be limited to amount equal to premiums paid, held valid, under Rev. St. 1911, art. 4742.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by Lucy M. Howard and another against the Missouri State Life Insurance Company. From a judgment for defendant, plaintiffs appeal. Affirmed.

Boyle, Ezell & Grover, C. L. Bell, and J. D. Wheeler, all of San Antonio, for appellants.

Templeton, Brooks, Napier & Brown, of San Antonio, for appellee.

SMITH, J.  On February 25, 1920, the Missouri State Life Insurance Company issued three life insurance policies, each in the amount of $5,000, to William H. Howard. The annual premiums upon these policies aggregated $391.35, and those premiums were paid for the first year. Shortly after they were issued the policies were assigned by Howard to Henry L. Halff to secure a debt in excess of the amount of the insurance. On November 6, 1920, less than nine months after the policies were issued, Howard, the insured, committed suicide. Proof of death was made to the company, against which demand for the amount of the policies was made on February 23, 1921. The company rejected this demand, but tendered the beneficiary the amount of the first year's premium paid upon the policies, which was refused, whereupon suit was brought by Howard's widow and Halff, to whom the policies had been assigned, for the amount of the policies, with damages and attorney's fees. From a judgment for the company in response to its tender, the plaintiffs below have appealed.

The insurance policies involved covered four printed pages. On the first page it was stipulated, among other provisions, that:

The company "agrees to pay $5,000, which is the face amount hereof, immediately upon receipt of due proof of the death of William H. Howard, the insured, to the insured's executors, administrators, or assigns. * * *"

This stipulation also appeared upon the first page of the policies:

"Unrestricted and after one year incontestable as follows: This policy is free from conditions as to residence, occupation, travel, or place of

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

death, in times of peace, and shall be incontestable after one year if the premiums are duly paid, except for violation of the provisions relating to military or naval service in time of war."

The "general provisions" of the policies, appearing on the third page in smaller type, embraced the stipulation that:

"In case of death by self-destruction, sane or insane, within one year from date of issue, the liability of the company shall be limited to an amount equal to the premiums paid hereon."

The case turns, substantially, upon the validity and effectiveness in this instance of the provision in the policy, that, in event of the suicide of the insured within the period of one year from the date of issuance of the policy, the liability of the insurer shall be limited to the payment to the beneficiary of the amount of the premiums paid by the insured.

[1] It is first contended by appellants that the provision that the policy shall be incontestable after one year applies to the defense of suicide, and that, upon failure of the company within that period to institute a suit to contest the policy upon that ground, the company is precluded from setting up the defense of suicide after the expiration of that year. We conclude, however, that this contention can be sustained by only a strained and unreasonable construction of the contract in question. A contract of insurance is to be construed, like all other contracts, in accordance with its plain terms. It must be viewed from its four corners and effect must be given to all its provisions, where that may be done without doing violence to ordinary rules of law or construction.

From a reading of the whole contract now before us, it becomes obvious that it was the intention of the parties, clearly expressed, that after the lapse of the first year the insurer is prohibited from contesting the validity of the policy, from abrogating it, from avoiding it, from escaping the liability fixed by its terms upon the insurer; that after the lapse of that period the insurer will be bound by its terms against every defense. And if in this case the insurer had undertaken, after the lapse of one year, to defeat the full liability prescribed in the policy because of some fraud by which the insured obtained the issuance of the policy, then undoubtedly, such defense would have fallen before the incontestability clause, and the contract would have been enforced as written. But such is not the defense now urged by the insurer. On the contrary, the insurer is standing upon the letter and spirit of the contract as written; is seeking to uphold, and not defeat, the contract, the validity of which both parties are seeking to maintain. In short, the insurer is not "contesting" the policy at all, but is asserting its validity in both form and substance, and the provision of incontestability is inapplicable. Stean v. Ins. Co., 24 N. M. 346, 171 P. 786; Childress v. Ins. Co., 113 Tenn. 252, 82 S. W. 833, 3 Ann. Cas. 236.

[2] The contract provided for the payment of the face amount, in event of the death of the insured, with the plain proviso that, in the extraordinary event of the insured taking his own life within the first year, the liability of the insurer shall be limited to the amount of the premiums paid. If the insured's death had resulted from any other cause, a different case would have been made; but when he took his own life within the first-year period, then, by his own act, he brought the case under the restrictive provision, and his estate was bound thereby.

[3-5] It is also contended by appellant that the stipulation restricting the liability of the insurer, in event of the suicide of the insured within one year, is repugnant to the prior and unconditional promise to pay the face of the policy, in event of the death of the insured, and that in such conflict the restrictive provision will not be enforced. We conclude, however, that the contention cannot be sustained. The second clause is in the nature of an exception to or modification of the first, and, since its purpose and language are plain and unmistakable and the parties were in agreement thereon and incorporated it into the contract, no reason is perceived why it should not be given effect in accordance with the apparent intention of the parties. It is pointed out that the restrictive clause was set out on the third page of the contract, among the general provisions of the policy, which were printed in smaller type than that setting forth the promise to pay the face of the policy, which appeared on the first page of the contract. But in the absence of any contention that the restrictive provision was inserted in the contract through the fraud of the insurer, or mutual mistake of the parties, or by accident, or without the knowledge of the insured, that provision must be given effect according to its plain terms. If the clause were doubtful in purpose, or the language of it ambiguous in meaning, then under appropriate pleadings and proof it would be resolved against the insurer, but since its purpose is plain and clearly expressed, it must be given effect in accordance therewith. The restrictive provision was authorized by statute and is valid. Article 4742, R. S. 1911; Illinois, etc., Ass'n v. Floyd (Tex. Com. App.) 222 S. W. 968.

Other incidental questions are raised, but they are all dependent upon the two main questions here discussed, and what we have said disposes of all the material issues.

The judgment is affirmed.