INTERSTATE BUSINESS MEN'S ACCIDENT ASSOCIATION *v.* ADAMS.

Opinion delivered January 14, 1929.

*Buzbee, Pugh & Harrison* and *John Marshall Shackleford,* for appellant.

*Cox & Cox,* for appellee.

KIRBY, J., (after stating the facts). It is earnestly urged that the court erred in refusing to grant the con-

tinuance and in striking out the defense of the limita-
tion of the amount that could be recovered under the
policy for death resulting from a discharge of a firearm,
unless shown to be accidental by an eye-witness of the
transaction other than the insured or beneficiary.

It will suffice to say, in answer to the assignment of
error for denying the motion for a postponement, that
this motion also disclosed that there were no witnesses
to the killing of the insured except Giles, who, it was
alleged, had shot him, and that Giles had refused to tes-
tify in the case as he agreed to do, claiming exemption,
as he had the right to do, because his answers or tes-
timony might tend to incriminate him. There was no
reason to think that he would change his mind thereafter.
The motion itself disclosed that there was no probability
of producing any other witness who had seen the occur-
rence, in fact that none others did see it.

This court has concluded, however, that the court
erred in striking out the defense alleged, limiting ap-
pellant's liability under the clause of the policy to the
payment of $100 only for the loss sustained by the death
of the insured as a result of the discharge of a firearm,
there being no testimony of any witnesses showing the
conditions at the time of the shooting. This clause is
not in any wise in conflict with our statutes, § 6156 of
C. & M. Digest, declaring that no policy of insurance
shall contain any conditions or provisions which shall,
directly or indirectly, deprive the insured or beneficiary
of the right to trial by jury of any question of fact aris-
ing under such policy, and that all such provisions or
conditions are void. The clause of the policy relied on
as a defense is not in conflict with this statute, and is
but a limitation of the liability on a risk that could have
been excepted altogether from the policy. The liability
on the risk to the insured resulting from the discharge
of a firearm was limited, as specifically provided, to the
sum of $100, unless the cause of the injury or death was
established by the testimony of some witness other than

the insured or claimant. This language of the policy is susceptible of no reasonable construction that would require the payment by the insurer of more than the limited amount designated for accidental death of the insured resulting from the discharge of a firearm, unless proved by the testimony of an eye-witness, as provided therefor. This is not an attempt to control the action of the courts in admission of evidence or in the effect or weight to be given it, nor to oust the court of jurisdiction over such a contract. It does not affect the right of recovery, but only limits the amount that can be recovered, in the absence of the establishment of the cause by the kind of testimony designated, a matter about which the parties had the right to contract, as already said, and to except such risk entirely if they chose to do so.

We do not regard the decision of the Oklahoma case of *Modern Woodmen of A.* v. *Michelin,* 101 Okla. 217, 225 Pac. 163, as an authority against our conclusions above announced, and certainly entitled to no such conclusive determining effect as appellee insists should be accorded it. Neither do we agree with the contention that the provision of the policy is void as against public policy. It is but a limitation of the amount of the recovery, unless the cause of the accidental injury is shown by the kind of evidence designated, to a fixed sum, in a matter the parties had the right to contract about, and which could have been excepted entirely from the policy. *Ellis* v. *Interstate Business Men's Accident Association,* 183 Ia. 1279, 168 N. W. 212, and note L. R. A. 1918F, page 420; and especially *Lundburg* v. *Interstate Business Men's Accident Association,* 162 Wis. 474, 156 N. W. 482; *Moses* v. *Ill. Commercial Men's Association,* 189 Ill. Ap. 440.

This provision of the policy being valid, appellant was entitled to rely upon it in defense of the suit, and the court erred in holding otherwise and striking out that part of the answer setting it up.

Since the case appears to have been fully developed, and shows that there was no eye-witness to the trans-

action resulting in the death of the insured, except Giles, by whom it was alleged he "was accidentally killed by being shot with a rifle," and refused to testify about the matter, as he had the right to do, on the trial, and there does not appear to be any reason for remanding the cause, the judgment will be modified in accordance with the stipulation or provision in the contract limiting the liability to the recovery of $100, and, as modified, will be affirmed. It is so ordered.