FORE *v.* NEW YORK LIFE INSURANCE COMPANY.

Opinion delivered December 2, 1929.

*Carmichael & Hendricks,* for appellant.

*Louis H. Cooke* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

HUMPHREYS, J. Appellant instituted this suit against appellee on April 5, 1929, in the circuit court of Pulaski County, Third Division, to recover $2,999 (waiving statutory penalties) as beneficiary in a life insurance policy issued by appellee to her husband, Peter J. Fore, on the 7th day of July, 1926, which provides that, in consideration of the payment of an annual premium, it would pay her $5,000 in the event her husband should die a natural death, and double indemnity under certain conditions. The policy of insurance was made the basis of the suit, and contained self-destruction and incontestable clauses. The self-destruction clause is as follows:

"In case of self-destruction during the first two insurance years, whether the insured be sane or insane, the insurance under this policy shall be a sum equal to the premiums thereon which have been paid to and received by the company, and no more."

The incontestable clause is as follows: "This policy shall be incontestable after two years from its date of issue, except for nonpayment of premium and except as to provisions and conditions relating to disability and double indemnity benefits."

It was alleged in the complaint that the insured died on March 15, 1928, at which time the policy was in force, and that notice and proof of death had been furnished appellee in accordance with the terms of the policy.

On the 15th day of April, 1929, appellee filed an answer to the complaint, alleging that Peter J. Fore, the insured, came to his death on the 15th day of March, 1928, by suicide, and tendering the amount of premiums paid by the insured, with interest thereon, into the registry of the court, and interposing the self-destruction clause contained in the policy as a defense to a recovery of any additional amount.

Appellant filed a demurrer to the answer, upon the alleged ground that the policy sued upon was incontestable for any purpose after two years, except as to provisions and conditions relating to disability and double indemnity benefits, and for that reason failed to state a defense. The court overruled the demurrer, over the objection and exception of appellant. Appellant stood on her demurrer, and refused to plead further, whereupon the court rendered judgment against appellee for $818.14, the amount tendered and deposited in the registry of the court, in full of its liability under said policy, from which is this appeal.

Appellant contends for a reversal of the judgment and the entry of a judgment here for the amount sued for, with interest and attorney's fee, upon the ground that the incontestable clause in the policy relates to the self-destruction clause, and the suicide of Fore within two

years from the date of the policy could not be pleaded after the expiration of two years from the date thereof as a defense to a recovery of the amount specified in the face of the policy. Appellant cites the case of *Standard Life Ins. Co.* v. *Robbs,* 177 Ark. 275, 6 S. W. (2d) 520, in support of her contention. In that case it was ruled that the incontestable clause, in substance the same as the incontestable clause in the instant case, had reference to the self-destruction clause, and was a short statute of limitations which precluded the insurance company after one year from pleading the suicide of the insured, which occurred within one year from the date of the policy, as a defense. The Robbs case was decided upon authority of the case of *Missouri State Life Ins. Co.* v. *Cranford,* 161 Ark. 602, 257 S. W. 66, and the cases cited in support of the rule announced in the Cranford case, to the effect that:

"The modern rule is that a life insurance policy, containing a provision that it shall be incontestable after a specified time, cannot be contested by the insurer on any ground not excepted in that provision. It is said that the practical and intended effect of such a stipulation is to create a short statute of limitations. By the stipulation the insurance company agreed that it would take a year to investigate and determine whether it would contest the policies of insurance, and that, if it failed within that time to discover any grounds for contesting the same, it would make no further investigation, and would not thereafter contest the validity of the policies."

In overruling the motion for a rehearing in the Robbs case, this court approved and reannounced the rule laid down in the Cranford case in the following language:

"The fact of suicide or not could only be established by proof, and this would bring on a contest, which is the very thing the insurance company has agreed not to do after a certain time. As Mr. Justice Holmes so aptly expressed it, after the period of time expressed in the incontestable clause has expired there can be no dispute of fact, except the fact of death, unless other conditions

are imposed in the incontestable clause itself. The cause of death has, by the agreement of the parties, ceased to be an issue of fact. In short, after the period of time prescribed in the incontestable clause has expired, the insurance company cannot contest the fact of suicide. While there are authorities to the contrary, we think the better reasoning is in accordance with the decisions of the courts above cited. The incontestable clause constitutes, as the courts generally put it, not an assurance against the results of crime, but an assurance against the hazards of litigation; and we are of the opinion that the insurance company could not contest the policy before or after the death of the insured, after the period of time prescribed in the incontestable clause had expired, except for the conditions set out in the incontestable clause itself.''

Appellee argues that the instant case is not ruled by the Robbs case, because the self-destruction clause in the policy in the Robbs case was different from the self-destruction clause in the policy issued by appellee to Fore, in that under the former the act of suicide by the insured within a specified time avoided or annulled the policy *in toto* as to a recovery by the beneficiary, whereas under the latter the policy remained in full force and effect in favor of the beneficiary for a recovery of premiums paid by the insured. In other words, the contention is that, in tendering the premiums and interest, appellee was carrying out the terms of the policy and not attempting to contest it, and for that reason the incontestable clause is not applicable to the self-destruction clause contained in the policy involved in the case at bar. This conclusion is reached by appellee on the theory that the contract of insurance contemplates two separate and distinct risks. This exact theory was advanced as a defense in the case of *Mareck* v. *Mutual Reserve Fund Life Assn.*, 62 Minn. 39, 64 N. W. 68, 54 Am. St. Rep. 613, in which the self-destruction and incontestable clauses in the policy involved are in substance the same clauses contained in the policy in the case at bar, and the court in the Mareck case said:

"The only question in this case is whether the company is bound to pay the $5,000 or only a 'sum equal to the amount of the assessment paid by said member, with six per cent. interest.' Defendant's contention is that the contract contemplates two separate and distinct risks—death by suicide, and death from any other cause; that in the latter case it promised to pay $5,000, and in the former only the amount of premiums paid, with interest; that the 'incontestable clause' is inapplicable because the company is not contesting the policy, but only proposing to pay according to its terms; that death by suicide was not a risk which they assumed, except to the extent of the premiums, with interest. While the literal language of the contract lends an air of plausibility to this argument, yet we do not think it is sound. There is nothing in the policy contemplating two distinct and separate risks. The assured applied for an insurance on his life of only one sum, viz., $5,000. The amount for which the policy was issued was $5,000, payable at his death, but coupled with numerous conditions, the breach of any one of which, if not waived, relieved the insurer from liability. Counsel for defendant admits, correctly, and no doubt advisedly, that, if death had occurred from any of the causes enumerated in the eleventh paragraph, the 'incontestable clause' would have applied. But these risks were no more assumed by the company than was death by suicide."

What the court said in the Mareck case, quoted above, is a complete answer to the assertion that the invocation of the self-destruction clause as a defense to a suit on the policy is not a contest. The Mareck case, which holds that there is no real difference or distinction between the self-destruction clauses, was cited in and made a basis for the court's decision in the Cranford and Robbs cases. We are unable to see why the incontestable clause would not apply to both alike when interposed as a defense to a suit upon the policy for the full amount thereof.

Appellee contends that the instant case is ruled by the case of *Interstate Business Men's Association* v. *Adams*, 178 Ark. 856, 13 S. W. (2d) 591, instead of the Robbs case. The incontestable clause and its effect on the self-destruction clause or other conditional clauses, which might relieve the insurer from liability, in whole or in part, was not an issue or involved in the case referred to, so it does not control or govern the case at bar.

On account of the error indicated the judgment is reversed, and judgment is directed to be entered here for $2,999, with interest, and $300 as an attorney's fee.

SMITH, J., (dissenting). Although it is my opinion that the Robbs case, cited and relied upon by the majority for the reversal of the judgment of the circuit court, is unsound in logic and contrary to the overwhelming weight of authority, I do not write this dissenting opinion to criticise that case. I accept it as declaring the law, and it is my purpose only to attempt to show that it does not apply to the policy here sued on.

Upon the authority of the Robbs case, it may be assumed that, as the provision against suicide does not appear in the incontestable clause in the policy sued upon, and more than two years have expired since the issuance of the policy before the institution of this suit, the policy is now an unalterable contract to discharge the obligation which the insurer contracted against. But is it a contest of the policy to inquire what these obligations are, or to resist the enforcement of a liability which the insurer says the policy does not impose?

Stripped of all superfluities, this is the question in the case. What are the facts? For a fixed annual premium the insurance company, hereinafter referred to as the company, issued a policy on the life of Peter J. Fore, for the sum of five thousand dollars. The policy provided that if the insured died a natural death, the sum payable should be five thousand dollars; but if death resulted from an accident, there should be paid twice that amount. There was also a provision that, in case of the

disability of the insured, there should be paid ten dollars per month for each thousand dollars of the policy. The policy also provided that in the event of death by suicide during the first two years the policy was in force, the insurance should be for a sum equal to the premiums which had been paid to and received by the company, and no more.

It appears, therefore, that the liability assumed by the company (except as to disability benefits) depended entirely upon the manner of the insured's death. It might have been ten thousand; or five thousand dollars; or the amount of the premiums paid. Did the company not have the right to stipulate what amount should be payable in any of these contingencies? It would appear that it has the right to do so, provided it be conceded that the right exists to contract as to what obligations the company will assume in a given contingency.

We cannot make a contract for parties. We may, and properly do, resolve all doubts as to the meaning and construction of an insurance contract against the insurer; but when this has been done and the meaning of the contract has been thus ascertained, we should enforce the contract, whatever the result may be.

Suppose during the period of contestability or after its expiration, the insured had asserted his disability and had claimed the disability benefits, would a denial of the existence of disability by the company be a contest of the policy? Suppose further, that when the proof of the death of Mr. Fore had been presented, the claim had been made that death had resulted from an accident, and that the sum payable was not the face of the policy, but twice that amount, would a denial that the insured's death was the result of an accident be a contest of the policy? We apprehend that no one would be so bold as to make this contention.

If, therefore, the insurer may contract to pay a certain sum upon the death of the insured from a natural cause, or a larger sum if the death be accidental, why is

it not permissible to contract that upon death from suicide a less sum shall be payable? The amount to be paid in any event is of no controlling importance. The principle that is vital and important is the right to contract, because, if the right to contract is conceded, the parties thereto may stipulate in the contract what sum of money shall be paid in one contingency, and what sum shall be paid in another.

Just here, let us compare and distinguish the suicide clause in the Robbs case from that in the instant case. In the former it reads as follows: "Suicide. Self-destruction, sane or insane, within one year from the date of this policy, *is a risk not assumed by the company under this policy.* In such event the company will return the premiums actually received." In the instant case it provides: "Self-destruction. In the case of self-destruction during the first two insurance years, whether the insured be sane or insane, the insurance under this policy shall be a sum equal to the premiums thereon which have been paid to and received by the company, and no more."

It thus appears that in the one case it is provided that death by suicide is a risk not assumed by the company under the policy; whereas in the other case the liability upon death from suicide is expressly recognized and a sum named which shall be payable in that event.

It will also be observed that in the Robbs case the policy provided that in the event of suicide the company will return the premiums actually received, and nothing more. The beneficiary gets nothing. The contract is rescinded, and the premiums are returned, and these return premiums would be payable to the administrator of the estate and become a part of the estate.

Under the suicide clause in the instant case the policy is not rescinded, and the beneficiary named in the policy, and not the administrator, is entitled to the sum payable upon the happening of the event insured against. The policy is in force, and not rescinded, and there becomes payable the agreed amount. It is true the

sum payable is the amount of the premiums received, but what of that? It could have been for a larger or a smaller amount, and the validity of the contract does not depend upon the sum to be paid, if the company has the right to contract as to the amount it will pay upon the occurrence of the contingency insured against.

Is it a contest of the policy for the company to insist that under the terms of the policy a given amount, and that only, should be payable in a particular circumstance? Suppose the policy had provided that in the event of death by suicide the sum payable should·be one hundred dollars, or one thousand dollars, would it be insisted that a denial of a greater liability than that provided by the policy was a contest of the policy? Does the insistence of the company that the obligations of the contract be enforced according to what it insists is the plain letter thereof constitute a contest? Would a denial of double liability upon the ground that the insured had not died from an accident be a contest of the policy? We think these questions answer themselves, and that it is not a contest of the policy to insist that only that liability be enforced which under the contract the company assumed.

We do not concur in the view of the majority that the case of *Interstate Business Mens' Accident Assn.* v. *Adams*, 178 Ark. 856, 13 S. W. (2d) 591, has no application here. We think it has. That case was a suit upon a two-thousand dollar policy, and the application of that case to this is that the recovery of one hundred dollars only was there permitted because the policy provided that in the named contingency only that amount should be payable. The incontestable clause would have no more relevancy to that case than it has to this, because the controlling question in both cases would be, and is, what was the amount of insurance to be paid upon the happening of the contingency insured against?

In the case of *Myers* v. *Liberty Life Ins. Co.*, 124 Kan. 191, 257 Pac. 933, 55 A. L. R. 542, was a case iden-

tical in all essential respects with the instant case. The headnotes in that case read as follows:

"A life insurance company issued a policy on September 10, 1923, in which it agreed to pay to the insured's wife, as beneficiary, the sum of $3,000, immediately on receipt of proof of death of the insured, provided premiums had been paid and the policy was in force. The policy contained these provisions:

" 'This policy shall be incontestable after one year from the date of issue, if premiums have been duly paid.'

" 'In case of suicide of the insured, whether sane or insane, within two years from the date of this policy, the liability of the company shall be limited to the amount of the premium actually paid.'

"The insured committed suicide by hanging, on August 27, 1924. The policy was in force, the premium had been paid, and proof of death was made. *Held,* the entire policy considered, liability of the company is limited to the amount of premium actually paid."

The case just quoted from was decided by the Supreme Court of Kansas in an opinion which was unanimous, and the reasoning of the court is so logical and convincing and the conclusions of the court so fortified by authority that we think it should be followed here.

Another very similar case is that of *Stean* v. *Occidental Life Ins. Co.,* 24 N. M. 346, 171 Pac. 786, 24 N. M. 346. The headnotes in that case read as follows:

"The word 'incontestable,' as used in life insurance policies providing that the policy shall be incontestable, means indisputable and amounts to a guaranty that no objection shall be taken to defeat the policy on the death of the person whose life is insured.

"An incontestable clause in a policy of insurance does not preclude the defense of suicide, where the suicide clause in the policy is a part of the contract to pay, providing how much shall be due and payable in the event of death by self-destruction."

The brief of counsel for the company cites the following additional cases to the same effect: *Childress* v. *Fraternal Union of America,* 113 Tenn. 252, 82 S. W. 832, 3 Ann. Cas. 236; *Howard* v. *Missouri State Life Ins. Co.,* (Tex. Civ. App.) 289 S. W. 114; *Scarborough* v. *Am. Nat. Ins. Co.,* 171 N. C. 353, 88 S. E. 482, L. R. A. 1918A, 896, Ann. Cas. 1917D, 1181.

We are of the opinion, therefore, that the circuit judge was correct in holding that this was not a contest of the validity of the policy, in violation of the incontestable clause, but was an endeavor on its part to limit its liability under the policy to the amount which it agreed to pay in the event the insured died by his own hand, as it is admitted he did, and we think the judgment of the circuit court below so holding was correct and should be affirmed.

In this connection, it may be said that the case of *Hearin* v. *Standard Life Ins. Co.,* 8 Fed. (2d) 202, reviews the law of this case in an opinion written by the late Judge Trieber. The reasoning in that case, upon the numerous authorities therein cited, is so clear and forcible as to demonstrate, not only the error in the majority opinion in the instant case, but the unsoundness of the Robbs case as decided by this court as well. The Robbs case was, in fact, as appears from the opinion of Judge Trieber and that of this court (177 Ark. 275, 6 S. W. (2d) 520), the same case.

I am authorized to say that Justices KIRBY and McHANEY concur in the views herein expressed.